UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| George J. Isaac,<br><br>      Plaintiff,<br><br>  -against-<br><br>David Velez, in his individual capacity; Matthew Venus, in his individual capacity; and Oleg Podushko, in his individual capacity,<br><br>      Defendants. | ECF CASE<br><br>SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>11 Civ. 3796 (CBA) (CLP) |

**PRELIMINARY STATEMENT**

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

**JURISDICTION**

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a) and 1367(a).

**VENUE**

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Eastern District of New York.

**JURY DEMAND**

5. The Plaintiff demands a trial by jury on each and every one of his claims as pled

herein.

## PARTIES

6. Plaintiff GEORGE J. ISAAC is a citizen of the United States and a resident of New York. He was born in Trinidad and Tobago and is an accomplished jazz musician, having performed with Liberace and the Doobie Brothers. Mr. Isaac also works as a bus driver.

7. At all relevant times herein, defendants DAVID VELEZ, MATTHEW VENUS and OLEG PODUSHKO (collectively, the "Individual Defendants") were police officers employed by the New York City Police Department ("NYPD") and each was acting in the capacity of agent, servant, and employee of the City of New York (the "City").

8. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

9. The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

10. On September 7, 2009 shortly after 7:00 PM, Plaintiff George Isaac was driving in his van eastbound on East New York Avenue.

11. An unknown vehicle swerved into Mr. Isaac's lane unexpectedly.

12. Attempting to avoid a collision with the other vehicle, Mr. Isaac swerved and struck

a NYPD van that was parked diagonally near the curb of the street. Mr. Isaac's vehicle then hit a fire hydrant before he was able to come to a stop.

13. Moments later, Mr. Isaac was pulled out of his van by Officer Velez and other police officers, including Officer Podushko, who threw Mr. Isaac to the ground, hitting his head on the concrete. The officers proceeded to push and kick him.

14. A witness named Tasha Smith, who happened to be standing nearby called 911, in a frantic attempt to get help for Mr. Isaac.

15. Ms. Smith was then transferred to IAB, where she described the scene as it was unfolding.

16. EMS soon arrived on the scene and conducted a preliminary evaluation of Mr. Isaac.

17. Mr. Isaac was suffering from significant pain to the left side of his body and head resulting from the police officers' assault.

18. Mr. Isaac was later transported to Kings County Hospital for evaluation. He was still complaining of substantial pain.

19. After being discharged from the hospital a few hours later, Mr. Isaac was transported to the 78th Precinct where he was detained overnight.

20. Mr. Isaac was arraigned in Criminal Court of Kings County the following day. He was charged with Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs (VTL § 1192(1)), Consumption or Possession of Alcoholic Beverages in Certain Motor Vehicles (VTL § 1227(1)), Leaving the Scene of an Incident Without Reporting (VTL § 600(1)(A)), Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs (VTL § 1192(3)), and Reckless Driving (VTL § 1212). He was then released on his own recognizance.

21. Mr. Isaac had not consumed any alcohol that day and was not intoxicated in any way.

22. Still suffering from severe headaches, dizziness and pain to his left temple, back, arm, hand, Mr. Isaac went to see his primary care physician on September 9, 2009. His doctor ordered CT scans of his head, an MRI, and shoulder and cervical spine x-rays.

23. Although not initially evident on the CT scans, doctors later determined that he suffered an orbital fracture to his facial bones.

24. After making numerous court appearances all charges were dismissed against Mr. Isaac on motion of the Assistant District Attorney on January 31, 2011.

25. As a result of the false charges brought against him, Mr. Isaac had to retain the services of an attorney and an investigator to assist in his defense.

26. The psychological damage inflicted by the police officers' actions still disturbs Mr. Isaac. Since the incident, Mr. Isaac has suffered from depression and anxiety and has trouble sleeping, often having disturbing dreams of the incident. He has also developed a deep fear and distrust of police officers.

27. Mr. Isaac has suffered from chronic pain in his neck and back since the incident. He also has frequent headaches and eye pain.

28. Up until the incident, Mr. Isaac was employed as a driver for MV Transportation. He had been working for MV Transportation for the past year and one-half.

29. On September 8, 2009, the Department of Motor Vehicles sent notice to Mr. Isaac's employer that his license to drive a bus would be suspended, pending the final disposition of his case. As a result, Mr. Isaac lost his job, which carried a salary of around $26,000 per year.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants

30. All other paragraphs herein are incorporated by reference as though fully set forth.

31. By battering, assaulting, arresting, detaining, charging and prosecuting the Plaintiff, the Individual Defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to, *inter alia*, be free from unreasonable searches and seizures, false arrest and imprisonment, excessive force and malicious prosecution.

32. Moreover, the Individual Defendants failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

WHEREFORE, the Plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to the Plaintiff against the defendants, jointly and severally;

3. Award the Plaintiff reasonable costs, disbursements and attorney's fees; and

4. Grant any other relief the court deems appropriate.

Dated:  New York, New York
        October 17, 2013

        Respectfully submitted,

        Darius Wadia, L.L.C.


        /s/
        _____
        By:  Darius Wadia (Bar number DW8679)
        Attorney for Plaintiff
        233 Broadway, Suite 2208
        New York, New York  10279
        dwadia@wadialaw.com