UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

George J. Isaac,

                                                Plaintiff,

                -against-

David Velez, in his individual capacity; Matthew Venus, in
his individual capacity; and Oleg Podushko, in his
individual capacity,

                                                 Defendants.
-------------------------------------------------------------------------x

**STIPULATION AND ORDER OF DISMISSAL**

11 CV 3796 (CBA) (CLP)

        **WHEREAS,** the parties have reached a settlement agreement and now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that

        1.      The above-referenced action is hereby dismissed with prejudice; and

2. Notwithstanding the dismissal of this action in accordance with this agreement, the District Court shall continue to maintain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth in the Stipulation of Settlement executed by the parties in this matter.

Dated: New York, New York
      January 14, 2014

DARIUS WADIA, LLC
*Attorney for Plaintiff*

By: _____
Darius Wadia
233 Broadway, Suite 2208
New York, New York 10279
212.233.1212
dwadia@wadialaw.com

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants*

By: _____
Erica M. Haber
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, New York 10007
212.356.3545
ehaber@law.nyc.gov

SO ORDERED:

_____
HONORABLE CAROL B. AMON
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
      _____, 20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

George J. Isaac,

                              Plaintiff,

-against-

David Velez, in his individual capacity; Matthew Venus, in
his individual capacity; and Oleg Podushko, in his
individual capacity,

                              Defendants.
-----------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

11 CV 3796 (CBA) (CLP)

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about August 5, 2011, an Amended Complaint on or about July 26, 2012, and a Second Amended Complaint on or about October 17, 2013, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

**WHEREAS,** defendants Officer David Velez, Officer Oleg Podushko and Sergeant Matthew Venus have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff George J. Isaac the sum of Seventy-Five Thousand ($75,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants David Velez, Matthew Venus, and Oleg Podushko, their successors or assigns, the City of New York, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to the City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any

other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants and the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants and the City of New York reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
January 14, 2014

DARIUS WADIA, LLC
*Attorney for Plaintiff*

By: _____
Darius Wadia
233 Broadway, Suite 2208
New York, New York 10279
212.233.1212
dwadia@wadialaw.com

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants*

By: _____
Erica M. Haber
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, New York 10007
212.356.3545
ehaber@law.nyc.gov